# Town of Luverne v. Shows.

### Action of Assumpsit.

1. *Construction of a statute incorporating a town.*—An act of the general assembly incorporating a town, which declares that the corporate limits shall be "one mile each way, north, south, east and west from the court house square," as laid out by by a land company, will be

[Town of Luverne v. Shows.]

construed to fix the boundary lines of the corporate limits of said town to be almost a circle, with a radius of one mile, with its center at the court house square; and a place of business two hundred yards southwest from the court house square is within the corporate limits.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, Thomas W. Shows, against the town of Luverne. The facts of the case are sufficiently stated in the opinion. The cause was tried without the intervention of a jury, and judgment was rendered for the plaintiff. The defendant now brings this appeal, and assigns as error the rendition of this judgment.

GAMBLE & BRICKEN, for appellants.—In the construction of a statute, the intention of the legislature must be taken into consideration, and a liberal interpretation, which would defeat the purposes of the statute will not be adopted, if any other reasonable construction can be adopted.—*Crosby v. Hawthorn*, 25 Ala. 221; *Brooks v. Mobile School Commissioners*, 31 Ala. 227; *Ryan v. Couch*, 66 Ala. 244; *Ex parte Plowman*, 53 Ala. 440; *Jones v. Drewry*, 72 Ala. 311; *Lehman v. Robinson*, 59 Ala. 219; *Ex parte Dunlap*, 71 Ala. 73; *Danzy v. State*, 68 Ala. 296; 2 Brick. Dig. 462, §§ 22, 33.

M. W. RUSHTON and I. H. PARKS, *contra*, cited *Grooms v. Hannon*, 59 Ala. 510; *Carlisle v. Godwin*, 68 Ala. 137; *Reese v. State*, 73 Ala. 18; *Lehman v. Robinson*, 59 Ala. 219; *Sykes v. Shows*, 74 Ala. 382; *Amos v State*, 73 Ala. 501; *Cahaba v. Burnett*, 34 Ala. 408; *Maxwell v. Griswold*, 10 How. 242, and cases there cited; *Raisler v. M. & C. C. of Athens*, 66 Ala. 198; *Winter v. City Council*, 65 Ala. 403; *Welch v. Mayor*, 48 Ala. 291; *Wiley v. Parmer*, 14 Ala. 627; *P. & M. Ins. Co. v. Tunstall*, 72 Ala. 142; *King v. Martin*, 67 Ala. 177; 3 Brick. Dig. 51, § 10.

COLEMAN, J.—Thomas Shows having paid to the municipal corporation of the town of Luverne, under protest, five hundred dollars for a license to retail spirituous liquors, instituted the present action to recover back the money. Plaintiff contends that by a proper construction of the act of the legislature incorporating the town,

his place of business was not within the corporate limits.
We need not consider some of the difficulties in plain-
tiff's way if this were true, but will rest our decision
upon the case made by him. Acts of 1890–91, p. 403,
approved Feb. 6th, 1891, after incorporating the town of
Luverne, declares that the corporate limits shall be "one
mile each way, north, south, east and west from the
court house square, as laid out by the Luverne Land
Company, and recorded in the probate office of said
county." "The court house square," from the map,
seems to be a block 200 feet south and north by 100 feet
east and west. The plaintiffs place of business was
about two hundred yards southwest from the court house
square.

According to plaintiff's contention the area incorpo-
rated consists of two strips of land 200 feet wide running
east and west, and one hundred feet wide running north
and south, crossing each other at right angles, including
the court house square as the centre, and his place of
business being in a southwestern direction from the
square, he is neither west nor south, and consequently
his place of business is not within the corporate limits.
The argument is wholly untenable. Tested by a merid-
ian line, he is west of the square, and by latitude he is
south of the square. A further reading and construc-
tion of the act, in the light of facts, demonstrates more
conclusively, if possible that there is no merit in the con-
tention. At the time of the adoption of the act of the
legislature, supra, incorporating the town of Luverne,
the town was an existing municipal corporation, incor-
porated under the general laws of the State. Its boun-
daries at that time were "one-half mile each way from
the court house, reserved as per the Luverne Land Co."
survey or plat. The map or plat of the town as incor-
porated under the general laws, shows that plain-
tiff was included within the corporate limits as then
incorporated. As a matter of course, "one half mile
each way from the court house" would include
plaintiff, whose place of business in the town,
during the years 1889 and 1890, was only two
hundred yards from the square, and had never been
changed. The act of the legislature of 1890–91, supra,
further provided that "the present and future inhabitants
of said town shall be and continue the body politic and
corporate, under the name and style of The Town of

Luverne.'' Under the proof, the plaintiff and his place of business was expressly declared to be included in the ''body politic and corporate of The Town of Luverne.'' Other provisions of the act manifest with equal clearness the legislative intent. Would not a fair interpretation of the act fix the boundary line of the corporate limits to be almost a circle, with its center at the ''court house, as per the Luverne Land Company's survey or plat?''

The circuit court erred in rendering judgment for the plaintiff. A judgment will be here rendered for the defendant. The costs of appeal and of the trial court will be taxed against the plaintiff.

Reversed and rendered.