## STATE v. VIRGIL M. RAINEY.

*Indictment for Resisting Officer—Municipal Corporation— Charter—Boundaries.*

Where the charter of a town provided that its corporate limits should be "one fourth of a mile East, West, North and South from the centre of the town which centre is the site of the brick building formerly known as the Court House, and shall run with the four cardinal points of the compass;" *Held,* that the boundary is a square whose sides run due East and West, North and South through five fixed points one fourth of a mile East, West, North and South from the designated centre.

*Mr. Zeb V. Walser, Attorney General,* and *Mr. A. M. Stack,* for the State.

*Messrs. Jones & Patterson,* for defendant (appellant).

CLARK, J.: The question of the defendant's guilt or innocence depends upon the following clause in the Act incorporating the town of Germanton (Pr. Acts, 1883,

Chapter 12, Section 2): "The corporate limits shall be as
follows:   One fourth of a mile East, West, North and South
from the centre of the  town, which centre is the site of the
brick building formerly known as the Court House, and
shall run with the four cardinal points of the compass." It
was agreed that, if the above boundary was a circle, the
defendant lived without the town limits and had no proper-
ty in said limits, and was guilty of no offence in resisting
the seizure of his property for town taxes by the town officer,
but it was otherwise if the town limits were a square. If
the charter had simply located the town limits "one quarter
of a mile from the centre" the boundary would necessarily
have been a circle (as in *Town of Luverne* v. *Shows*, 101 Ala.,
359), but this charter requires two conditions, first, the
corporate limits East, West, North and South of the centre
shall be one quarter of a mile from the centre. This locates
A, B, C and D on the subjoined diagram as points through
which the boundary must run.

But there is a further condition:  The corporate limits
must not only run through these four points which are
respectively one fourth of a mile East, West, North and
South of the centre, but they must "run with the cardinal
points of the compass," and that means they  must run due

North and South, and due East and West.  Running them, as thus called for, through the four points already fixed, we have the larger square on the above diagram.   To describe a circle running through those four points (which both sides admit to be fixed) would not fill the second condition of running "with the cardinal points", since a circle at no time does this but is constantly changing its direction.   It is true it would keep the boundary at all points one fourth of a mile from the centre, but that is not called for by the charter.

It was suggested on the argument that a square could be drawn running though the four fixed points A, B, C and D as the smaller square above shown.   This square, we know geometrically, would be exactly half the area of the larger square, and being even smaller than the circle, if that is the boundary, it would acquit the defendant.   Equally with the circle, it fills the first condition of passing through the four fixed points, one fourth of a mile East, West, North and South of the centre, but also, like the circle, it fails to fulfill the second condition of running "with the cardinal points of the compass," since its boundaries run N. E., S. E., S. W. and N. W.   The only diagram that can be drawn, which will fill both conditions, is the larger square above, whose boundaries run through the four fixed points, and North and South, East and West.

No error.